UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Anthony Cappello

    v.                                                  Civil No. 21-cv-356-SE
                                                              Opinion No. 2023 DNH 027

Restaurant Depot, LLC, et al.

O R D E R

Anthony Cappello asserts that the remaining defendants in this case, out-of-state companies, are subject to specific personal jurisdiction in New Hampshire for claims stemming from his consumption of contaminated lettuce in New Jersey. To show that a defendant has sufficient minimum contacts with a forum to allow a court to exercise specific personal jurisdiction over that defendant, a plaintiff must demonstrate the existence of three familiar prongs: relatedness, purposeful availment, and reasonableness. The first two prongs are distinct concepts. Relatedness focuses narrowly on the relationship between the plaintiff's claim and the defendant's contacts with the forum. Purposeful availment considers the defendant's contacts with the forum generally. That distinction is critical in this case. Notwithstanding the Supreme Court's recent clarification that it rejects a causation-only approach, the requirement that a plaintiff's claims "arise out of or relate to" a defendant's conduct "incorporates real limits." Ford Motor Co. v. Mont.

Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1026 (2021). Even if the plaintiff has met his burden to show that the defendants purposefully availed themselves of doing business in New Hampshire, he has not shown that his claims relate to any of the defendants' contacts with New Hampshire. As such, the court cannot exercise personal jurisdiction over either of the remaining defendants in this case and grants their motions to dismiss.

Standard of Review

Cappello's objections to the motions to dismiss included a conditional request for a hearing. Doc. nos. 67 and 68 (asking the court to "[g]rant an evidentiary hearing if the motion to dismiss will not be denied on the pleadings"). Because Cappello has not provided any reason that an evidentiary hearing would assist in the jurisdictional analysis and because the court's reasoning rests on legal conclusions drawn from uncontroverted facts rather than the determination of any factual dispute, a hearing is not necessary.

When, as here, the court does not hold an evidentiary hearing on a Rule 12(b)(2) motion, the prima facie approach applies. Rodriguez-Rivera v. Allscripts HealthCare Solutions, Inc., 43 F.4th 150, 157 (1st Cir. 2022). Under that approach,

the court acts "as a data collector" but not as a factfinder. Id. (quotation omitted).

As a data collector, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [the plaintiff's] jurisdictional claim." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). The plaintiff cannot establish jurisdiction based on allegations in the complaint but instead "must put forward evidence of specific facts to demonstrate that jurisdiction exists." Id. The court "also consider[s] facts offered by [the defendant], to the extent that they are not disputed." Id. The plaintiff bears the burden of showing that specific personal jurisdiction exists. Rodriguez-Rivera, 43 F.4th at 160.

## Background

On November 9, 2018, Cappello, a New Hampshire resident, purchased and ate a salad from a restaurant in Fairfield, New Jersey. The restaurant prepared the salad using romaine lettuce grown or distributed by D'Arrigo Bros., Co., a California corporation. It was sold to the restaurant by Restaurant Depot, LLC, which is incorporated in Delaware and has its principal place of business in New York.

The following day when he was back at his home in Bedford, New Hampshire, Cappello began feeling stomach pains. His symptoms gradually worsened. Ultimately, his life was in danger, and he had his colon surgically removed on November 16, 2018. He spent nearly three weeks in the hospital recovering and received continuing medical treatment for several months, including two additional surgeries.

Cappello alleges that his injuries were caused by the salad he ate in New Jersey on November 9, 2018. Specifically, he alleges that the lettuce in the salad was contaminated with *E. coli* O157:H7. He brings product liability, breach of warranty, and negligence claims against D'Arrigo and Restaurant Depot.[1]

The defendants separately move to dismiss, arguing that the court cannot exercise personal jurisdiction over them. See doc. nos. 47 and 48. The court extended the time for Cappello to object to allow him to conduct jurisdictional discovery. He has since filed his objections, and the motions have been fully briefed.

---

[1] Cappello brought suit against additional defendants, including the restaurant from which he purchased the salad. He has voluntarily dismissed those claims. D'Arrigo and Restaurant Depot are the only remaining defendants.

4

Discussion

When a defendant in a diversity case challenges personal jurisdiction, the court "must determine whether the defendant's contacts with the state satisfy both the state's long-arm statute as well as the Due Process Clause of the Fourteenth Amendment." Vapotherm, Inc. v. Santiago, 38 F.4th 252, 258 (1st Cir. 2022). New Hampshire's long-arm statute allows personal jurisdiction over an out-of-state defendant to the extent allowed by due process. Id. Thus, specific personal jurisdiction, as Cappello asserts here, requires the plaintiff to show:

> (1)[his] claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable.

Scottsdale Cap. Advisors Corp v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018). The court may exercise personal jurisdiction over the defendants only if the plaintiff satisfies all three prongs of the specific jurisdictional analysis. Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115, 122 (1st Cir. 2022).

Cappello submits evidence to show the following facts in support of the existence of personal jurisdiction over the

defendants.[2] After an investigation, the Centers for Disease Control and Prevention ("CDC") and the United States Food and Drug Administration determined that there was an outbreak of *E. coli* 0157:H7 linked to romaine lettuce around the time Cappello became ill. From October through early December 2018, 62 people from 16 states (including New Hampshire), the District of Columbia, and Canada were infected with *E. coli* due to contaminated romaine lettuce.

The CDC determined that the contaminated lettuce came from areas in northern and central California, including the region in which D'Arrigo grows its lettuce. During the relevant time period, Restaurant Depot purchased lettuce from D'Arrigo and distributed it to its stores in New Jersey and New England. On November 20, 2018, Restaurant Depot removed all romaine lettuce from the shelves in its East Coast retail stores in response to the CDC's public health advisory regarding the *E. coli* outbreak.

Although Restaurant Depot does not have any locations in New Hampshire, it has various connections to the state. From 2017 through 2022, it contracted for the sale of food to thousands of business locations in New Hampshire and received

---

[2] Restaurant Depot disputes several of the facts Cappello offers to support personal jurisdiction. Because, accepting Cappello's facts as true, he cannot carry his burden to show the existence of personal jurisdiction over either remaining defendant, the court assumes for the purposes of this order only that they are true.

many millions of dollars in revenue from its New Hampshire members. It also sent its New Hampshire members monthly advertisements and email solicitations. In addition, Restaurant Depot has agreements with partners who deliver its food items to members in New Hampshire.

D'Arrigo's contacts with New Hampshire are more attenuated. It does not ship its products to New Hampshire or have any direct contact with the state. Rather, viewed generously, Cappello offers evidence to show that D'Arrigo sells romaine lettuce products to major New England distributors and grocery stores with the knowledge that its products will then be sold in New Hampshire.

With those facts set forth, the court now turns to the specific jurisdiction analysis.

I.  Relatedness

The standards for weighing relatedness under New Hampshire law and due process are different for contract and tort claims. Vapotherm, 38 F.4th at 258. When, as here, a plaintiff brings both contract and tort claims, the court must address relatedness under both standards. Id. at 259.

7

A.  Tort Claims

Cappello asserts three tort claims against the defendants: strict product liability, negligence, and negligence per se. In determining relatedness for the purpose of a tort claim, the court "must probe the causal nexus between the defendant's contacts and the plaintiff's cause of action." Vapotherm, 38 F.4th at 260. The court considers "whether the tort claim arises out of or relates to the defendant's contact with the forum." Id. (quotation and alterations omitted).

As the defendants argue, Cappello's tort claims do not appear on their face to arise out of or relate to the defendants' contacts with New Hampshire. Cappello purchased and ate the salad containing the contaminated lettuce in New Jersey, not in New Hampshire. The defendants had general business contacts with New Hampshire, but none that relates to the salad Cappello ate in New Jersey.

Nevertheless, Cappello argues that he can establish relatedness with respect to the defendants by relying on the more relaxed standard illuminated in Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017 (2021). In Ford, two plaintiffs were injured in car accidents in Montana and Minnesota, and brought suit against the manufacturer of the vehicles, Ford Motor Company, in those states. Id. at 1023. Ford moved to dismiss both suits for lack of personal jurisdiction,

8

arguing that the vehicles were designed, manufactured, and purchased in other states. Id. After the state courts determined that they could exercise specific personal jurisdiction, Ford appealed, and the Supreme Court affirmed. Id. at 1032.

In determining that the plaintiffs had met the relatedness prong, the Supreme Court noted that Ford had, "by every means imaginable," urged Montanans and Minnesotans to buy its vehicles. Id. at 1028. Ford dealers in those states regularly maintained and repaired Ford cars. Id. Ford had worked "hard to foster ongoing connections to its cars' owners" in both states. Id. It "had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." Id.

Cappello argues that, as in Ford, the defendants' business in the forum state satisfies the relatedness prong of the specific jurisdiction analysis. He points to Restaurant Depot's advertisements and sales in New Hampshire, and the fact that Restaurant Depot made available for sale in New Hampshire and then ultimately destroyed lettuce contaminated with *E. coli* during the relevant timeframe.[3] Cappello offers less with respect

---

[3] Restaurant Depot submits evidence to show that few, if any, of these contacts existed prior to November 2018, when Cappello ate the salad with the contaminated lettuce. It argues that, therefore, the court should not consider those contacts when analyzing the relatedness prong of the jurisdictional analysis. See Harlow v. Children's Hosp., 432 F.3d 50, 62 (1st

9

to D'Arrigo, arguing only that it ships its lettuce to distributors located in neighboring states who then sell it in New Hampshire.

The Supreme Court's analysis in Ford does not support jurisdiction over the defendants in this case. Although Restaurant Depot does business in the forum state and D'Arrigo's product is sold by others here, any similarities to Ford end there. The nature and extent of the defendants' activity in New Hampshire is a far cry from the situation in Ford, where the court looked at the contacts of "a global car company, extensively serving the state market [for] a vehicle." Ford, 141 S. Ct. at 1028.

Further, unlike the circumstances in Ford, there is no allegation that Cappello knew that the salad he purchased in New Jersey contained lettuce grown or distributed by the defendants. The Supreme Court cautioned that jurisdiction should not "ride on the exact reasons for an individual's purchase, or on his ability to present persuasive evidence about them." Id. at 1029. Yet, the Ford decision relied heavily on Ford's contacts with

---

Cir. 2005) ("Because causation is central to the relatedness inquiry, in most cases, contacts coming into existence after the cause of action arose will not be relevant." (citation omitted)). As stated above, because Cappello has not carried his burden to demonstrate relatedness, the court will assume for the purposes of this order only that Restaurant Depot's post-November 2018 contacts are relevant to the relatedness inquiry.

10

the forum states that "might turn any resident of Montana or Minnesota into a Ford owner—even when he buys his car from out of state." Id. There is no evidence to suggest that the defendants' contacts with New Hampshire were designed to persuade, or even capable of persuading, any New Hampshire resident to purchase a particular prepared salad in a foreign restaurant, let alone one containing the specific lettuce that the defendants grow or distribute.

Moreover, Cappello ignores a central limitation to the Supreme Court's holding in Ford: the fact that the plaintiffs' claims brought in Montana and Minnesota courts arose because the defendant's vehicles "malfunctioned and injured them in those States." Id. at 1028 (noting that the facts of the case, including "an in-state accident," is "a paradigm example . . . of how specific jurisdiction works"). Indeed, the Ford opinion is riddled with that qualification throughout. See, e.g., id. at 1027 (jurisdiction exists "when a company like Ford serves a market for a product in the forum State and the product malfunctions there"), 1028 ("Each plaintiff's suit, of course, arises from a car accident in one of [the forum] States."), 1031 (distinguishing Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 582 U.S. 255 (2017) in part on the basis that the plaintiffs in Ford used the allegedly defective products in the forum state and were injured there). In contrast, Cappello was

11

injured in New Jersey, where he purchased and ate the salad containing the contaminated lettuce.

On that point, Cappello argues otherwise. He offers a novel theory: that an injury such as food poisoning does not occur when and where a plaintiff consumes contaminated food. He urges instead that the "existence of an incubation period between initial exposure and onset of injury makes the situs of where the injury is first experienced more significant in this jurisdictional analysis." Doc. no. 67-1 at 19-20. In other words, Cappello argues that he suffered his injury for the purpose of the specific jurisdiction analysis in New Hampshire because that is where he was when the *E. coli's* incubation period expired and he first experienced food poisoning symptoms from eating the contaminated lettuce.

A jurisdictional rule driven by the length of an incubation period would be difficult to employ. It could result in a court concluding that a food-poisoning injury occurred in a state a plaintiff passed through only briefly as he traveled from the location of ingestion to his final destination. A court could do so only after it received and considered evidence regarding the bacteria's precise incubation period in a particular plaintiff. Indeed, Cappello's arguments in this case only underscore the impracticability of such a rule, as he asserts that the "incubation period for *E. coli* infection, which

12

is the time from exposure to onset of symptoms in outbreaks, can vary between one and 10 days." Doc. no. 67-1 at 4. It is unclear whether the "onset of symptoms" Cappello advances as the jurisdictional imperative would concern small, perhaps imperceptible, internal changes that cause lasting damage or would require perceived symptoms. Either way, the rule would be unworkable.

Cappello purchased and ate the contaminated food in New Jersey. He offers no legal justification for pinning the injury at the moment of the onset of symptoms rather than at the moment of consumption. Cappello was injured when he ingested contaminated lettuce and, therefore, his injury occurred in New Jersey for the purpose of specific jurisdiction. See, e.g., Turley v. Vaudeville Cafe, LLC, No. 1:10-CV-2284-JEC, 2011 WL 3844361, at *2 (N.D. Ga. Aug. 26, 2011) (holding that for purpose of personal jurisdiction, the "plaintiff's injury occurred when and where she was served the contaminated food, which was in Tennessee").

Cappello's reliance on Ford's relatedness analysis is unavailing. Because, as discussed above, his injury occurred in New Jersey, so too are his passing references in his surreply to Pizz v. Jebeli, No. 2018-0016, 2018 WL 3237987 (N.H. June 8, 2018) and Kimball Union Acad. v. Genovesi, 165 N.H. 132 (2013). Cappello has not shown that his tort claims arise out of or

13

relate to the defendants' activities in New Hampshire. Therefore, he has not carried his burden to establish the relatedness prong of the personal jurisdiction analysis for those claims.

### B. Contract Claims

Cappello asserts a breach of warranty claim in Count II. He alleges that the defendants breached express and implied warranties of merchantability or fitness for a particular use. In the context of breach of contract claims, the relatedness requirement directs the court to "ask whether the defendant's activity in the forum state was instrumental in either the formation of the contract or its breach." Vapotherm, 38 F.4th at 258-59 (quotation omitted).

Cappello addresses the relatedness prong for his breach of warranty claim against Restaurant Depot in a footnote, stating simply that he can meet the test "because [Restaurant Depot] advertised the sale of romaine products in New Hampshire and represented that its romaine products were fit for human consumption." Doc. no. 67-1 at 17 n.6. He does not address relatedness with respect to D'Arrigo at all except to acknowledge that it is legally required.

These statements cannot carry his burden. Cappello does not allege or argue that the defendants' New Hampshire activity was

14

instrumental to the formation of the "contract" – that he purchased or ate the salad in New Jersey because of the defendants' advertising, business, or express or implied warranty as to the lettuce in New Hampshire. Indeed, Cappello does not allege that he had any knowledge at all as to the source of the lettuce in his salad.

Nor can Cappello establish that the defendants' conduct in New Hampshire was instrumental to the breach of any warranty. The warranties were allegedly breached when Cappello purchased and ate the salad with contaminated lettuce in New Jersey. Any breach of warranty claim arising out of that event does not relate to the defendants' New Hampshire contacts for the purpose of personal jurisdiction.

II. Remaining Prongs of Jurisdictional Analysis

Cappello's failure to demonstrate relatedness between any of his claims and the defendants' contacts with New Hampshire means that this court lacks personal jurisdiction over both defendants. Although Cappello urges the court to analyze the remaining prongs of the specific jurisdiction analysis even if it determines that he has not shown the relatedness prong, doc. no. 67-1 at 20, there is no need to do so. Restaurant Depot and D'Arrigo are entitled to dismissal of Cappello's complaint for

15

lack of personal jurisdiction, and the court grants their motions to dismiss.

## Conclusion

For the foregoing reasons, D'Arrigo's motion to dismiss (doc. no. 47) and Restaurant Depot's motion to dismiss (doc. no. 48) are granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 21, 2023

cc: Counsel of record.